IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| CINDY KIRKPATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No.  2:11-cv-15275 |
| vs. | ) |
| | ) |
| I.C. SYSTEM, INC., | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, CINDY KIRKPATRICK, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, I.C. SYSTEM, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Michigan Occupational Code, M.C.L. § 339.901, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Algonac, Michigan.

4.	Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and M.C.L. § 339.901(f), as she is a natural person allegedly obligated to pay a debt.

5.	At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.  In addition, at all relevant times, Defendant acted as a "collection agency" within the meaning of M.C.L. § 339.901(b), in that it was attempting to collect a claim from Plaintiff that was asserted to be owed or due to another.

6.	The aforementioned alleged debt and/or claim is a "debt" within the meaning of 15 U.S.C. § 1692a(5) and a "claim" and/or "debt" within the meaning of M.C.L. § 339.901(a), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.	On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Michigan and which has its principal place of business in St. Paul, Minnesota.

## ALLEGATIONS

(Violation of the Fair Debt Collection Practices Act)

8.	During or about June of 2011, Defendant's representatives, agents and/or employees began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors during each and every communication with Plaintiff.

9.	Defendant placed numerous telephone calls to Plaintiff prior to 8:00 a.m. eastern time and after 9:00 p.m. eastern time.

10. Defendant failed to provide Plaintiff with the notice of her rights, as required by 15 U.S.C. § 1692g and M.C.L. § 339.918.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Calling Plaintiff before 8:00 a.m. and/or after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1);

   b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

   c. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

   d. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g; and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CINDY KIRKPATRICK, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Michigan Occupational Code)

12.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13.     In its attempts to collect the aforementioned alleged debt, Defendant violated the Michigan Occupational Code in one or more of the following ways:

   a. Calling Plaintiff before 8:00 a.m. and/or after 9:00 p.m., in violation of M.C.L. § 339.915(n);

   b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to harass, oppress or abuse, in violation of M.C.L. § 339.915(n);

   c. Failing to provide the notice to Plaintiff which is required by M.C.L. § 339.918; and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the Michigan Occupational Code.

WHEREFORE, Plaintiff, CINDY KIRKPATRICK, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $150 for each violation of the Michigan Occupational Code;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

4

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Celia Banks Washington
Celia Banks Washington (P54338)
Attorney for Plaintiff
Luxenburg & Levin, LLC
P.O. Box 252681
West Bloomfield, MI 48322
(888) 493-0770, ext. 309 (phone)
(866) 551-7791 (facsimile)
Celia@LuxenburgLevin.com