UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY KIRKPATRICK,

    Plaintiff,

-vs-

I.C. SYSTEM, INC.,

    Defendant.

Case No. 2:11-cv-15275

Honorable Avern Cohn

| LUXENBURG & LEVIN, LLC | DOBBS & NEIDLE, P.C. |
|---|---|
| By: Celia Banks Washington (P54338) | By: Gregory R. Neidle (P59273) |
| Attorney for Plaintiff | Daniel J. Ammon (P50293) |
| P.O. Box 252681 | Attorneys for Defendant |
| West Bloomfield, Michigan 48322 | 30150 Telegraph Road, Suite 410 |
| Telephone: (888) 493-0770, ext. 309 | Telephone: (248) 723-9511 |
| Facsimile: (888) 551-7791 | Facsimile: (248) 723-9531 |
| Email: Celia@LuxenburghLevin.com | Email: gneidle@dobbsneidle.com |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, I.C. System, Inc. ("Defendant") by and through its attorneys Dobbs & Neidle, P.C., moves to dismiss Plaintiff's Complaint, stating as follows:

1. On December 1, 2011, Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act and the Michigan Occupational Code. (See Doc. # 1).

2. On December 29, 2011, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. (Doc. # 5).

3. The action is still pending.

4. On April 20, 2012, Plaintiff and her spouse filed a Chapter 7 joint petition for bankruptcy. (U.S. Bank. Ct., E.D. Mich., Case No. 12-50001-mbm) (**Exhibit 1**).

5. In her bankruptcy petition, Plaintiff has failed to list this action as an asset of the bankruptcy estate.

1

6. Accordingly, Plaintiff is judicially estopped from pursuing this action.

7. Further, because Plaintiff filed a Chapter 7 bankruptcy petition, she is no longer the real party in interest and does not have standing to continue this action.

8. As set forth more fully in the accompanying brief in support of its motion, Plaintiff's lawsuit must be dismissed.

9. Pursuant to E.D. Mich. LR 7.1 Defendant's counsel emailed and telephoned Plaintiff's counsel on April 26, 2012 in which the movant explained the nature of the motion and its legal basis and requested concurrence in the relief requested.

**WHEREFORE,** Defendant respectfully requests that its motion be granted and Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

Dated:  April 27, 2012

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273
Attorney for Defendant

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY KIRKPATRICK,

    Plaintiff,

-vs-

I.C. SYSTEM, INC.,

    Defendant.

Case No. 2:11-cv-15275

Honorable Avern Cohn

| LUXENBURG & LEVIN, LLC | DOBBS & NEIDLE, P.C. |
|---|---|
| By: Celia Banks Washington (P54338) | By: Gregory R. Neidle (P59273) |
| Attorney for Plaintiff | Daniel J. Ammon (P50293) |
| P.O. Box 252681 | Attorneys for Defendant |
| West Bloomfield, Michigan 48322 | 30150 Telegraph Road, Suite 410 |
| Telephone: (888) 493-0770, ext. 309 | Telephone: (248) 723-9511 |
| Facsimile: (888) 551-7791 | Facsimile: (248) 723-9531 |
| Email: Celia@LuxenburghLevin.com | Email: gneidle@dobbsneidle.com |

**DEFENDANT'S BRIEF IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**QUESTIONS PRESENTED**

I.    Whether Plaintiff has standing to pursue this action after filing her bankruptcy petition?

II.   Whether Plaintiff is judicially estopped from pursuing this action because she failed to list the action in her bankruptcy proceeding?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

<u>CASES</u>

*Bauer v. Commerce Union Bank,* 859 F.2d 438 (6th Cir. 1988)

*Browning v.* Levy, 283 F.3d 761 (6th Cir. 2002)

*Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595 (6th Cir. 1982)

*Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894 (6th Cir. 2004)

1

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)

*Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)

*Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771 (S.D. Miss. 1992)

*Lewis v. Wheyerhaeuser Co.,* 141 Fed. Appx. 420 (6th Cir. 2005)

*New Hampshire v. Maine,* 523 U.S. 742 (2001)

*Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597 (9th Cir. 1996)

*Toma v. Gen. Revenue Corp.*, 2008 U.S. Dist. Lexis 7856 (Feb. 1, 2008)

*White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479 (6th Cir. 2010)

RULES

Fed. R. Civ. P. 17(a)

Fed. R. Civ. P. 56(c), (e)

## STATEMENT OF MATERIAL FACTS

On December 1, 2011, Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* and the Michigan Occupational Code, MCL § 339.915. (See Pl.'s Compl., Doc. # 1). Discovery has been exchanged between the parties and the case remains pending. On April 20, 2012, Plaintiff and her spouse filed a Chapter 7 joint petition for bankruptcy. (U.S. Bank. Ct., E.D. Mich., Case No. 12-50001-mbm) (**Exhibit 1**). In filing her bankruptcy petition, Plaintiff failed to disclose this instant litigation as an asset.

Schedule B of Plaintiff's bankruptcy petition requires Plaintiff to list all of her assets, including all "contingent and unliquidated claims." (Exhibit 1, pp. 8 - 10). Plaintiff omitted the instant litigation as an asset in her bankruptcy petition and purposely indicated that she had no "contingent and unliquidated claims" pursuant to disclosure number 21 on Schedule B.

2

Plaintiff further did not claim this action as exempt property under Schedule C of her petition. (Exhibit 1, p. 13). Plaintiff signed her Schedules under oath, upon penalty of perjury. (Exhibit 1, p. 35).

In her petition, Plaintiff also filed a Statement of Financial Affairs. The Statement of Financial Affairs requires the petitioner to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Exhibit 1, p. 37). Plaintiff failed to disclose this action in response to the requirement. Plaintiff also signed the Statement of Financial Affairs under oath, upon penalty of perjury. (Exhibit 1, p. 44).

## **LEGAL STANDARD**

### **RULE 12(c)**

Defendant moves to dismiss the Complaint pursuant to Rule 12(c), which is nearly identical to a Rule 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). In considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept all well-pleaded factual allegations as true and the complaint should be construed in the light most favorable to the plaintiff. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the ground that the complaint does not state a cognizable claim is reviewed under the standards that govern motions brought under Rule 12(b)(6). See Fed. R. Civ. P 12(c); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

### **RULE 17(a)**.

Every federal civil action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). F.R.C.P. 17(a) requires that "the action must be brought by the person entitled under the governing substantive law to enforce the asserted right." *Whelan v. Abell*,

3

953 F.2d 663, 672 (D.C. Cir. 1992), cert. Denied, 506 U.S. 906 (1992). *See also United HealthCare Corp. v. American Trade Insurance Co., Ltd.*, 88 F.3d 563, 568-69 (6th Cir. 1996)("this rule requires that the party who brings an action *actually possess*, under the substantive law, the right sought to be enforced")(emphasis added); *Boeing Airplane Co. v. Perry*, 322 F.2d 589, 591 (10th Cir. 1963), *cert denied*, 375 U.S. 984 (1964)("the 'real party in interest' is the one who, under applicable substantive law, has the legal right to bring the suit").

## **ARGUMENT**

**I.      PLAINTIFF IS NOT THE REAL PARTY IN INTEREST ENTITLED TO BRING THIS ACTION**

Plaintiff is not the real party in interest and lacks standing to sue. Federal Rule of Civil Procedure 17(a) governs who is the proper party to assert a claim, and it provides that "[e]very action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).   On April 20, 2012, Plaintiff filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code [11 USC 701 *et seq.*].  All of Plaintiff's rights regarding the underlying suit were therefore transferred to the Chapter 7 bankruptcy trustee and no longer belong to Plaintiff.

Under the United States Bankruptcy Code, when a debtor files a bankruptcy petition, a bankruptcy estate is created which includes all of the debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. §541 (a)(1).  The Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1).  A legal claim or cause of action is an asset that must be listed under § 521(1).  *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).  These interests in property include causes of action that a debtor has against another. *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir. 1988) (holding that Chapter 7 debtors do not have standing to bring

4

claims that are part of the bankruptcy estate). *Walton v. Allstate Ins. Co.,* 222 Fed. Appx. 544, 544-45 (9th Cir. 2007) (stating that "[b]ecause plaintiffs' claim arose before they filed their bankruptcy petition, it is property of the bankruptcy estate, and plaintiffs lack standing to pursue this action," citing 11 U.S.C. § 541; *In re Eisen,* 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994)). Rather, the trustee is the proper plaintiff.

Upon appointment, the trustee is vested with title to all the bankrupt's estate, embracing "property, <u>including right of action</u>, which prior to the filing of the petition (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered" and "rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property." 11 U.S.C. § 110(a) (emphasis added). Thus, the "debtor's trustee has the exclusive right to assert claims belonging to the debtor at the time of the bankruptcy filing." *In re: Newpower*, 229 BR 691 (W.D. Mich. 1999) (citing *Bauer, supra* at 441).

Accordingly, the cause of action belonging to a debtor that existed at the time of the filing of a bankruptcy petition becomes the property of the estate and "<u>may only be prosecuted by the trustee of the bankruptcy estate, the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure.</u>" *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 780 (S.D. Miss. 1992) (emphasis added). Such "exclusive standing" exists even when the cause of action was not disclosed on the schedules of assets filed under Chapter 7. The Eleventh Circuit stated:

> [o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to *§ 554 of the Bankruptcy Code*. See *11 U.S.C. § 554(a)-(c)*. At the close of the bankruptcy case, property of the estate that is not abandoned under *§ 554* and that is not administered in the bankruptcy proceedings remains the property of the estate. *11 U.S.C. § 554(d)*. Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

5

*Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). *See also* 11 U.S.C. § 554(d) (property of the bankruptcy estate "that is not abandoned under this section and that is not administered in the case remains property of the estate.")  Moreover, Plaintiff bears the burden of proof to establish standing and her failure to do so requires a dismissal of her action.  *See e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Finally, in a case with virtually identical facts, this Court held that the Plaintiff's claim was property of the bankruptcy estate and dismissed the action.  *See Toma v. Gen. Revenue Corp.*, 2008 U.S. Dist. Lexis 7856 (Feb. 1, 2008) (**Exhibit B**).  In this matter, it is clear that the Plaintiff no longer has authority to pursue her claim, which clearly belongs to the bankruptcy estate. Once Plaintiff filed her bankruptcy petition, her claim against the Defendant was transferred to the bankruptcy estate and titled to the trustee. Accordingly, Plaintiff is not the real party in interest because this claim became the property of the bankruptcy estate and now can only be maintained by the bankruptcy trustee.

## II. PURSUANT TO THE DOCTRINE OF JUDICIAL ESTOPPEL, PLAINTIFF IS ESTOPPED FROM PURSUING THIS ACTION.

The doctrine of judicial estoppel was explained by the United States Supreme Court in *New Hampshire v. Maine,* 523 U.S. 742 (2001), as follows, *id.* at 749:

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." … This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument  and then relying on a contradictory argument to prevail in another phase." … ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding") … ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory"). [Citations omitted.]

Again, this Court in *Toma, supra*, stated the applicable test for judicial estoppel in an undisclosed bankruptcy asset context:

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

6

> In *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002), the Sixth Circuit adopted a test to determine whether a plaintiff is judicially estopped from asserting a claim that was undisclosed as a bankruptcy asset. The Court held that judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Id.* (citing *Teledyne Indus. Inc, v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). "However, the *Browning* court also noted that judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence. *Id.* at 776."

*Toma* at *6. (Exhibit B).

The *Browning* Court further identified two circumstances in which a debtor's failure to disclose a claim might be deemed inadvertent: (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims," and (2) where "the debtor has no motive for concealment." 283 F.3d at 776.

Here, Plaintiff filed her Complaint more than 4 more months before filing her bankruptcy petition. It is undisputed that Plaintiff took a position under penalty of perjury with the knowledge that this lawsuit remains pending when she failed to list it on her Schedules. (See Exhibit 1). Plaintiff clearly knew of her claim and her failure to list it in her bankruptcy petition was not a mistake or inadvertent. Further, Plaintiff has a motive to conceal her claim because she is a Plaintiff seeking compensation that would go directly to her and not her creditors. *See e.g. White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479 (6th Cir. 2010) (explaining motives for concealment). Based on the above, Plaintiff is judicially estopped from maintaining this lawsuit.

Lastly, Plaintiff's pendent claims arising under Michigan law must be analyzed in the context of federal estoppel principles. The doctrine of federal judicial estoppel is foremost designed to protect the federal judicial process. *See New Hampshire*, 532 U.S. at 749. Plaintiff filed his action in federal district court and this is where the judicial estoppel defense arises and must be applied. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d

7

597, 602-04 (9th Cir. 1996); *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595, 598 n.4 (6th Cir. 1982).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant its motion and enter an Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated:  April 27, 2012

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2012, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Celia Banks Washington, Esq.**

**David Levin, Esq.**

and I hereby certify that I have mailed by United States Postal Service the documents to the following non ECF participants:

N/A

Dated:  April 27, 2012

/s/ Gregory R. Neidle
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  gneidle@dobbsneidle.com
MI Bar Number P59273

8